# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| NRRM, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:25-CV-716 SRW ) |
| EMPIRE AUTO PROTECT, LLC, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff NRRM, LLC's Motion to Dismiss and Motion to Strike (ECF No. 33). Defendant responded and this matter is fully briefed. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c). The Court will grant this motion in part and deny it in part.

## I.   BACKGROUND

On May 16, 2025, Plaintiff NRRM, LLC, doing business as CarShield, filed a complaint alleging Defendant Empire Auto Protect, LLC infringed its trademarks when Defendant paid internet search engines for its websites to appear as a sponsored advertisement when a consumer searches for the term, "CarShield." ECF No. 1. On August 13, 2025, Plaintiff filed an amended complaint asserting four counts: trademark infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114 (Count I), false designation of origin and false or misleading description of fact under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count II), trademark infringement under Missouri common law (Count III), and trademark infringement under Mo. Rev. Stat. §§ 417.061 and 417.066 (Count IV). ECF No. 19. Defendant then filed a Motion to Dismiss. ECF No. 24. That Motion was denied by this Court. ECF No. 28. On October 15, 2026, Defendant

then filed its Answer and asserted the Counterclaim of Cancellation of Plaintiff's trademarks for Fraud on the United States Patent and Trademark Office (USPTO) and four Affirmative Defenses, including failure to state a claim and unclean hands by Plaintiff's former counsel. ECF No. 30. Following that filing, Plaintiff filed the instant Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) and Motion to Strike portions of the affirmative defenses.

II.  **LEGAL STANDARD**

    1.  *Motion to Dismiss Pursuant to Fed. R. Civ. Pro. 12(b)(6) and the Heightened Pleading Standard Pursuant to Fed. R. Civ. Pro. 9(b)*

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint or counterclaim. To survive a motion to dismiss for failure to state a claim, movant's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Reis v. Walker*, 491 F.3d 868, 870 (8th Cir. 2007) (applying Rule 12(b)(6) standard to motion to dismiss counterclaim). The plausibility requirement is satisfied when movant "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Taylor v. St. Louis Cnty.*, 2024 WL 3413263, at *4 (E.D. Mo. July 15, 2024) (quoting *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019)). A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but must include sufficient factual information to provide the "grounds" on which the claim rests, and "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 & n.3; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." *Id*. at 555. While the court must take the plaintiff's factual allegations as true, "[t]his tenet does not apply, however, to legal conclusions or 'formulaic recitation of the elements of a cause of action'; such allegations may properly be set aside." *Jacobs v. Fareportal, Inc.*, 2018 WL 11229893 (D. Neb. Sept. 24, 2018), at *4 (quoting *Twombly*, 550 U.S. at 555). "A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6)." *Abbott Lab'ys v. Revitalyte LLC*, 744 F. Supp. 3d 894, 900 (D. Minn. 2024); *see also Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

Complaints alleging fraud "must comply with Rule 9(b) of the Federal Rules." *Netbank v. Williams*, 2007 WL 1378442, at *1 (E.D. Mo. May 4, 2007). Under Rule 9(b), "the circumstances constituting fraud ... shall be stated with particularity." Fed. R. Civ. Pro. 9(b). Rule 9(b)'s "particularity requirement demands a higher degree of notice than that required for other claims," and "is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." *United States ex rel. Costner v. URS Consultants, Inc.,* 317 F.3d 883, 888 (8th Cir.2003) (citing *Abels v. Farmers Commodities Corp.,* 259 F.3d 910, 920-21 (8th Cir.2001)). "To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Netbank*, 2007 WL 1378442, at *1; *see also Schaller Tel. Co. v. Golden Sky Sys., Inc.,* 298 F.3d 736, 746 (8th Cir.2002) (Rule 9(b) requires more than "conclusory and generalized allegations.").

2. *Motion to Strike Pursuant to Fed. R. Civ. Pro. 12(f)*

A motion to strike under Rule 12(f) is "the primary procedure for objecting to an insufficient defense." *In re RFC and ResCap Liquidating Trust Litig.*, 2015 WL 2451254, at *4 (D. Minn. May 21, 2015) (quoting 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 at 390 (3d ed. 2004)). Under this rule the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). "Motions to strike, however, are not favored and are infrequently granted, because they propose a drastic remedy." *Constr. Indus. Laborers, Pension Fund v. Wellington Concrete, LLC*, 2016 WL 1275605, at *2 (E.D. Mo. Mar. 31, 2016) (citing *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) ("[s]triking a party's pleading...is an extreme and disfavored measure.")). Nonetheless, resolution of such a motion lies within the broad discretion of the Court. *Id*. A court "may strike a defense as legally insufficient if the defense asserted is foreclosed by prior controlling decisions or statutes." *Acosta v. Luxury Floors, Inc.*, 2018 WL 7350478, at *2 (D. Minn. Dec. 7, 2018), *report and recommendation adopted*, 2019 WL 652419 (D. Minn. Feb. 15, 2019) (internal citations omitted).

### III. DISCUSSION

1. *Defendant's Counterclaim for Cancellation for Fraud on the USPTO*

Federal courts have authority under the Lanham Act to "determine the right to registration, [or] order the cancelation of registrations, in whole or in part." 15 U.S.C. § 1119; *see also My Pillow, Inc. v. LMP Worldwide, Inc.*, 2019 WL 6727298, at *2 (D. Minn. Dec. 11, 2019); 15 U.S.C. § 1064(3) ("A petition to cancel a registration of a mark ... may ... be filed ... by any person who believes that he is or will be damaged ... by the registration of a mark on the principal register ... [a]t any time if the registered mark['s] ... registration was obtained

fraudulently ..."). The parties agree that Defendant's fraud counterclaim must meet the heightened pleading standards of rule 9(b), which requires the party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Defendant argues three of Plaintiff's trademarks should be cancelled because the trademark registrations were procured by fraud. Defendant argues that Plaintiff described its Identification of Services to the USPTO as, "vehicle service contracts on vehicles manufactured by others for mechanical breakdown and servicing" and that at the time these assertions were made to the USPTO, Plaintiff knew that its Identification was false because Plaintiff was endeavoring to make it appear to the USPTO that its vehicle service contracts were first-party products by omitting the term "third party" from the description.

To cancel a trademark registration for fraud on the USPTO, a party challenging the registration must show that the applicant made "false, material representations of fact in connection with his application" with the "intent to deceive the PTO." *In re Bose Corp.*, 580 F.3d 1240, 1245 (Fed. Cir. 2009); *see also Fair Isaac Corp. v. Experian Information Solutions, Inc.*, 650 F.3d 1139, 1148 (8th Cir. 2011). The test is whether the applicant "knew or should have known" that the challenged statements in the application were false. *Hiraga v. Arena*, 90 U.S.P.Q.2d 1102, 2009 WL 723334 (T.T.A.B. 2009) (citing *Torres v. Cantine Torresella S.r.l.*, 808 F.2d 46 (Fed. Cir. 1986)). "'Materiality' of any false application statement is determined in the context of whether the false statement is critical to the [USPTO's] decision to approve a mark for publication." *Id.* (citing *Standard Knitting, Ltd. v. Toyota Jidosha Kabushiki Kaisha*, 77 USPQ2d 1917, 1926, 2006 WL 173463 (T.T.A.B. 2006)). "[B]ecause direct evidence of deceptive intent is rarely available, such intent can be inferred from indirect and circumstantial evidence. But such evidence must still be clear and convincing, and inferences drawn from lesser

evidence cannot satisfy the deceptive intent requirement." *Fair Isaac*, 650 F.3d at 1148. "When drawing an inference of intent, the involved conduct, viewed in light of all the evidence ... must indicate sufficient culpability to require a finding of intent to deceive." *Bose,* 580 F.3d at 1245 (internal quotation marks omitted).

Even so, "a party seeking cancellation of a trademark registration for fraudulent procurement bears a heavy burden of proof." *Id*. at 1243 (internal citation omitted). "Indeed, the very nature of the charge of fraud requires that it be proven 'to the hilt' with clear and convincing evidence. There is no room for speculation, inference or surmise and, obviously, any doubt must be resolved against the charging party." *Id.* (internal citation and quotation marks omitted).

Here, the statements made by Plaintiff in its applications to the USPTO were not materially false, as Defendant must show to prevail on a cancellation by fraud claim. Defendant asserts that by omitting "third party" at the beginning of the Identification, Plaintiff committed fraud on the USPTO. But this addition is not required by the Latham Act. *See* 15 U.S.C. § 1055; 15 U.S.C. § 1127; *see also Slep-Tone Ent. Corp. v. Kalamata, Inc.*, 75 F. Supp. 3d 898, 904 (N.D. Ill. 2014). "Where a registered mark or a mark sought to be registered is or may be used legitimately by related companies, such use shall inure to the benefit of the registrant or applicant for registration, and such use shall not affect the validity of such mark or of its registration, provided such mark is not used in such manner as to deceive the public." 15 U.S.C. § 1055. "The term "related company" means any person whose use of a mark is controlled by the owner of the mark with respect to the nature and quality of the goods or services on or in connection with which the mark is used." 15 U.S.C. § 1127. Further, applicants are not required to explain related company use or control arrangements in the identification or application. *See* TMEP

§ 1201.03(a) ("The USPTO does not require an application to specify if the applied-for mark is not being used by the applicant but is being used by one or more related companies whose use inures to the benefit of the applicant under § 5 of the Act."). "An applicant's claim of ownership of a mark may be based on the applicant's own use of the mark, even though there is also use by a related company. The applicant is the owner by virtue of the applicant's own use, and the application does not have to refer to use by a related company." TMEP § 1201.05. Alternatively, Defendant alleges that Plaintiff had no control over the downstream use of its marks but pleads no facts negating Plaintiff's control over its marks. "Mere [permitted] use of another's mark does not give rise to ownership of that mark, especially when the mark's owner can discontinue the permission to use the mark at any time." *Alera Grp. Agency, LLC v. Delta Dental of Minnesota*, 2024 WL 2091992, at *3 (D. Minn. May 9, 2024), *appeal dismissed sub nom. Direct Benefits v. Delta Dental Plan of Minnesota*, 2025 WL 1650661 (8th Cir. Jan. 8, 2025). Thus, third-party use of a mark does not automatically defeat use by the mark owner and the disclosure of permitted uses of its mark by the applicant is not required.

Additionally, "absent the requisite intent to mislead the PTO, even a material misrepresentation would not qualify as fraud under the Lanham Act warranting cancellation." *Bose*, 580 F.3d at 1243. "[E]vidence of deceptive intent must be clear and convincing. [citing *Bose*] The rigorous clear and convincing evidence standard is strictly applied." *Enbridge, Inc. v. Excelerate Energy Limited Partnership*, 2009 WL 3541047 (T.T.A.B. 2009). Defendant pleads no facts of deceptive intent by Plaintiff to deceive the USPTO at the time of its applications, and Defendant's speculation is not enough to survive a Rule 12(b)(6) motion. *See Twombly*, 550 U.S. at 555. Further, Defendant pleads no facts and cites no authority to

support the assertion that had USPTO known Plaintiff omitted "third party" at the beginning of the Identification, the USPTO would not have granted or maintained the Registration.

While the Court must make all reasonable inferences in favor of the non-moving party in resolving a motion to dismiss, the inferences must be drawn from alleged facts. Defendant alleges no facts from which this Court could discern fraud on the USPTO. While the counterclaim here attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, Defendant's "obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels, and conclusions will not do. *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Defendant has not pled with particularity facts needed for this counterclaim. Accordingly, the Court finds Defendant's Counterclaim is insufficient to survive a motion to dismiss brought under Rule 12(b)(6).

### 2. *Defendant's Affirmative Defenses*

#### a. <u>First Affirmative Defense – Failure to State a Claim</u>

Defendant asserts a number of affirmative defenses, two of which Plaintiff seeks to strike. First, Defendant asserts in its First Affirmative Defense that Plaintiff's complaint fails to state a claim upon which relief may be granted in that Plaintiff has not pleaded, and cannot plead, sufficient detail to establish confusion, an element of each of Plaintiff's causes of action. ECF No. 30. Defendant previously made this Rule 12(b)(6) argument in its Motion to Dismiss. ECF No. 24. That matter was fully briefed, and this Court denied the Motion. ECF No. 28.

Plaintiff argues that the Court should strike Defendant's First Affirmative Defense on the ground that this defense is merely a general denial of elements of Plaintiff's affirmative claims.

ECF Nos. 33, 43. The Court agrees. Defendant has failed to allege any facts to support this legal conclusion. Furthermore, "failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in Plaintiff's prima facie case." *PNC Bank, Nat. Ass'n v. SM & JH, LLC*, 2012 WL 2905047, at *2 (E.D. Mo. July 16, 2012) (citing *Lemery v. Duroso*, 2009 WL 1684692 at *3 (E.D. Mo. June 16, 2009)); *see also Wellington Concrete*, 2016 WL 1275605, at *2; *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense.").

In the event that Defendant is attempting to pivot in its Response to claim that its First Affirmative Defense asserts instead that there is no set of facts that could establish the requisite likelihood of confusion, this also fails. The purported defense of "no likelihood of confusion" is not an affirmative defense but instead a denial of an element of Plaintiff's claims, and Defendant's Answer already contains denials of these elements of Plaintiff's claims. *Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc.*, 2016 WL 7042232, at *2 (E.D. Tex. Apr. 6, 2016). "While Defendant is free to challenge these elements of Plaintiff's [claims on the merits], it is inappropriate and redundant for Defendant to rehash its general denials under the guise of affirmative defenses." *Id*. (citing *F.T.C. v. Think All Pub. L.L.C.*, 564 F. Supp. 2d 663, 665–66 (E.D. Tex. 2008)). This Court strikes Defendant's First Affirmative Defense as legally insufficient.

      b.   Second Affirmative Defense – "Unclean Hands"

Next, in the second paragraph of Defendant's Second Affirmative Defense, Defendant alleges "unclean hands" in that Plaintiff's former attorney, Jeffrey Kass, was, at relevant times,

the attorney for Defendant when Defendant purchased the keywords at issue and had knowledge of such. ECF No. 30. "A matter will not be stricken unless it clearly can have no possible bearing on the subject matter of the litigation." *Wellington Concrete*, 2016 WL 1275605, at *2 (citing 2 James W. Moore, et al., *Moore's Federal Practice* § 12.37[3] (3rd ed. 2014)).

"Unclean hands" is recognized as a defense to a Lanham Act infringement suit. *Iowa Health Sys. v. Trinity Health Corp.*, 177 F. Supp. 2d 897, 924 (N.D. Iowa 2001). The doctrine of unclean hands "requires that the alleged misconduct on the part of the plaintiff relate directly to the transaction about which the plaintiff has made a complaint." *Id*. at 925 (quoting *Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1383 (6th Cir. 1995)). "The doctrine is not to be used as a loose cannon, depriving a plaintiff of an equitable remedy to which he is otherwise entitled merely because he is guilty of unrelated misconduct." *Performance Unlimited*, 52 F.3d at 1383 (quoting *American Hosp. Supply Corp. v. Hospital Products, Ltd.,* 780 F.2d 589, 601 (7th Cir.1986)). "The defense of unclean hands may be invoked when the plaintiff has engaged in 'willful act[s] concerning the cause of action which rightfully can be said to transgress equitable standards of conduct.'" *Lawn Managers, Inc. v. Progressive Lawn Managers, Inc.*, 959 F.3d 903, 912 (8th Cir. 2020) (quoting *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 815 (1945)).

Here, Defendant alleges "[t]hrough Kass, Plaintiff had express knowledge, including but not limited to the list of Defendant's purchased keywords." ECF No. 30. Defendant posits the question of whether allegations that the former attorney's alleged knowledge of the keyword purchases made by the Defendant at the heart of the claim, state a claim of "unclean hands," because they adequately allege the requisite deceit or bad faith.

Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Though district courts enjoy "liberal discretion" to strike pleadings under that rule, *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (citation omitted), motions to strike nevertheless "are viewed with disfavor and are infrequently granted. *Freise v. Owners Ins. Co.*, 2024 WL 5337525, at *1 (E.D. Mo. May 17, 2024) (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)). "[S]triking a portion of a pleading is a drastic remedy" and that federal courts often require a showing that "the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d ed. 2024). "A motion to strike a defense will be denied ... if it fairly presents a question of law or fact which the court ought to hear." *Lunsford*, 570 F.2d at 229 (quoting 2A James W. Moore et al., *Moore's Federal Practice* § 12.21 (2d ed. 1975)). On that standard, and in the light of the disfavor shown by federal courts to Rule 12(f) motions, Plaintiff fails to demonstrate why the Court should apply the "drastic remedy" of striking Defendant's Second Affirmative Defense.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff NRRM, LLC.'s Motion to Dismiss and Motion to Strike (ECF No. 33) is **GRANTED in part and denied in part.** The motion is **GRANTED** to the extent that the Court shall dismiss Defendant's Counterclaim and strike Defendant's First Affirmative Defense. The motion is **DENIED** to the extent that the Court shall not strike the second paragraph of Defendant's Second Affirmative Defense.

So Ordered this 5th day of January, 2026.

_____
**STEPHEN R. WELBY**
**UNITED STATES MAGISTRATE JUDGE**